IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SKULLCANDY, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>IRENA STERLING, doing business as Loop Savings and DOES 1-100,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE OF PROCESS<br><br>Case No. 2:19-cv-424 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

This matter is before the Court on Plaintiff's Motion for Alternative Service of Process. ECF 9. Plaintiff seeks to serve Defendant, Irena Sterling, through the Amazon.com message system. As set forth below the Court will grant the motion.

Under Fed. R. Civ. P. 4(e)(1), service in a federal district court action can be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Plaintiff seeks service under New York law because Defendant is located in New York and service was previously attempted in New York. New York state law allows service of process through other means, where traditional methods have proven impracticable and "in such manner as the court, upon motion without notice, directs." N.Y. C.P.L.R. 308 (McKinney). Other courts have approved electronic service when a plaintiff demonstrates that they diligently sought to search for the defendant's physical address but were unsuccessful. *See e.g.*, *Snyder v. Alternate Energy, Inc.*, 19 Misc.3d 954, 857 N.Y.S.2d 442 (N.Y.C.Civ.Ct. 2008) (authorizing alternative service via e-mail).

Here, Plaintiff sought to serve Defendant via traditional methods at multiple addresses where Plaintiff allegedly resides. Each has proven unsuccessful with residents not knowing Defendant or stating that Defendant had moved. Defendant operates a business through Amazon and uses Amazon's electronic mail service to respond to customer questions and inquiries. Amazon requires storefront owners to use their system and does not disclose a storefront owner's name, address, email or telephone number to the public. Plaintiff alleges Defendant has violated its trademarks in selling certain merchandise through its Amazon storefront and now seeks to use the Amazon messaging system for electronic service, because other efforts have proven impracticable and ineffective.

In upholding service via electronic means another court noted, "Although communication via email and over the Internet is comparatively new, such communication has been zealously embraced within the business community." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002). Defendant's business has benefited from these technological advances. The Court is persuaded under these circumstances that electronic service is reasonably calculated to provide Defendant notice of this action, and such service is permissible under New York law. *See e.g, Otter Products, LLC., et al. v. Mobile Rush Inc., et al.,* Order Granting Motion for Alternative Service, Case no. 1:19-cv-512, (D. Colo. April 16, 2019) (applying New York law and authorizing service via Amazon.com's messaging service).

ORDER

Accordingly, it is ORDERED that Plaintiff's Motion for Alternative Service is GRANTED. Plaintiff may serve Defendant by delivering a copy of the Complaint and summons via Amazon's messaging service.

DATED this 16 July 2019.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah